UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

___

| | |
|---|---|
| Merchants Bank Equipment Finance, | Case No. 16-cv-2694 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFAULT JUDGMENT** |
| Snowtracks Commercial Winter Management, LLC, and Michael P. Bronsteatter, | |
| Defendants. | |

___

This matter is before the Court on Plaintiff Merchants Bank Equipment Finance's motion for default judgment as to Defendant Michael P. Bronsteatter. (Dkt. 23.) For the reasons addressed below, the Court grants judgment in the amount requested.

## BACKGROUND

Plaintiff Merchants Bank Equipment Finance (Merchants Bank) is a Minnesota corporation engaged in the business of leasing equipment and financing the sale of equipment to businesses and sole proprietors.[1] On November 4, 2014, Merchants Bank entered into a Commercial Promissory Note and Security Agreement (Note) with Defendant Snowtracks Commercial Winter Management, LLC (Snowtracks). The principal amount of the Note is $384,555, and Snowtracks agreed to "make 59 equal consecutive monthly payments of $7,231.87, together with a final payment of all accrued

___

[1]  Merchants Bank is a division of Merchants Bank, National Association, and successor in interest to Merchants Capital Resources, Inc.

and unpaid interest, late charges and principal on 11-4-19." Snowtracks granted Merchants Bank a security interest in "(3) New 2014 Case 521F Wheel Loaders – Serial Number(s): NEF221930, NDF219771, NEF221233" as collateral for the Note.

The Note includes an acceleration clause providing that, if a default occurs, Merchants Bank is entitled to collect the outstanding obligations, sell any collateral, and collect any deficiency balance. The Note also provides that, upon default, interest shall accrue on past due amounts at a rate that is the lesser of twelve percent or the maximum rate permitted by law. The terms of the security agreement also require Snowtracks to pay all costs and expenses, including reasonable attorneys' fees, incurred by Merchants Bank to enforce, collect, or realize any of Snowtracks' obligations or collateral.

Bronsteatter personally guaranteed the Note on November 14, 2014, by executing a "Guaranty By An Individual" (Guaranty). By doing so, Bronsteatter accepted the obligation to make payments when due and payable—whether at maturity, by acceleration, or otherwise—in the event that Snowtracks defaults on the Note.

On August 8, 2016, when Merchants Bank placed the Note on non-accrual status with a principal balance of $284,877.96, Defendants had defaulted on their payment obligations. Merchants Bank initiated this legal action on August 10, 2016. Seven months later, on March 10, 2017, Snowtracks filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Wisconsin. The case was subsequently converted to a Chapter 7 bankruptcy on March 20, 2019.[2] Pursuant to an order of the

---

[2] Bronsteatter filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Wisconsin on October 19, 2016. That case was dismissed on

bankruptcy court, Snowtracks made 18 adequate-protection payments of $4,500 to Merchants Bank, leaving a principal balance of $203,877.96.  On January 17, 2019, the bankruptcy court terminated the automatic stay to permit Merchants Bank to enforce its contractual and legal rights to foreclose on its collateral.  Pursuant to this Court's February 25, 2019 order for replevin, Bronsteatter surrendered the collateral to Merchants Bank.  From the sale of the collateral, Merchants Bank received $108,976.50 in proceeds that were applied to the principal balance of the Note.  A principal balance of $94,901.46 remained.

On September 13, 2019, Merchants Bank filed a voluntary notice of dismissal with respect to Snowtracks.  Merchants Bank now seeks a default judgment against Bronsteatter in the amount of $94,901.46.

## ANALYSIS

When seeking a default judgment, a party must follow a two-step process.  First, the party must obtain an entry of default from the Clerk of Court.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Merchants Bank sought an entry of default, and the Clerk of Court entered default against Bronsteatter.  The first step of this process has been completed.

After the Clerk of Court has entered default, the party seeking affirmative relief "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Although

---

February 7, 2017.  Bronsteatter subsequently filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Wisconsin on March 10, 2017, and that case was dismissed on May 9, 2019.

disfavored, a default judgment "is not unfair" when a defendant who has been properly served with a summons and complaint fails to respond or otherwise appear. *Trs. of the St. Paul Elec. Constr. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F. Supp. 2d 1063, 1065 (D. Minn. 2007). The decision whether to enter a default judgment rests within the district court's sound discretion. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).

When a defendant is in default, the district court accepts as true all of the factual allegations in the complaint except those relating to the amount of damages. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The district court then must determine "whether the unchallenged facts constitute a legitimate cause of action." *Id.* (internal quotation marks omitted).

Under Minnesota law, [3] the elements of a breach-of-contract claim are "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to the right to demand performance by the defendant, and (3) breach of the contract by defendant." *Toomey v. Dahl*, 63 F. Supp. 3d 982, 997–98 (D. Minn. 2014) (quoting *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011)). To recover, the party alleging breach also must have suffered damages as a result of the breach. *See Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1107 (8th Cir. 2013) (applying Minnesota law). When accepted as true, the facts alleged in Merchants Bank's complaint set forth a valid breach-of-contract claim regarding Bronsteatter's default of his

---

[3]   The Guaranty expressly provides that it is governed by Minnesota law.

obligations under the Guaranty.  Therefore, the sole remaining issue before the Court is to determine the amount of damages.  *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

A party entitled to a default judgment must prove its damages by a preponderance of the evidence.  *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  A district court determines damages "by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  *Pope v. United States*, 323 U.S. 1, 12 (1944).

The record before the Court supports default judgment in the amount requested, $94,901.46, as the remaining principal balance of the Note.[4]  By sworn affidavit, Merchants Bank's Vice President of Operations asserts that the outstanding principal balance of the Note was $284,877.96 on August 8, 2016, when Merchants Bank placed the Note on non-accrual status.  Merchants Bank deducted against the principal balance the 18 adequate-protection payments that Snowtracks made to Merchants Bank, leaving an outstanding principal balance of $203,877.96.  After applying the proceeds from the sale of collateral to the principal balance of the Note, the outstanding principal balance is $94,901.46.  Merchants Bank is lawfully entitled to this amount and Bronstreatter is obligated under the terms of the Guaranty to make such payment.

---

[4] Merchants Bank alleges in its complaint that "it is entitled to damages for the past due amounts owed, the value of the accelerated balance due under the terms of the Agreement, plus accrued interest of $4,131.53, which interest continues to accrue at the rate of $37.90 per diem from July 21, 2016 until final judgment, accrued late fees, all in an amount not less than $289,792.67."  But Merchants Bank no longer seeks to recover any interest, late fees, or other damages to which it may be entitled under the Note or Guaranty.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for default judgment, (Dkt. 23), is **GRANTED**.

2. The Clerk of Court shall enter judgment in the amount of $94,901.46 against Defendant Michael P. Bronsteatter and in favor of Plaintiff.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 20, 2020                                             s/Wilhelmina M. Wright
                                                                                Wilhelmina M. Wright
                                                                                United States District Judge